UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ANTHONY PAUL YOUNG,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-2047 |
| **PUBLIC DEFENDER OFFICE and** ) | |
| **DIXON CORRECTIONAL CENTER,** ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In March 2007, Plaintiff, Anthony Young, acting *pro se*, filed a Complaint (#5) against Defendants Public Defender Office and the Dixon Correctional Center. Plaintiff has not alleged a basis for federal jurisdiction.

In May 2007, Defendant Dixon Correctional Center (hereinafter "DCC") filed a Motion To Dismiss (#14). Plaintiff has not filed a response. After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#14)** be **GRANTED**.

## I.  Background
### A.  Factual Background

In his complaint, Plaintiff alleges as follows: "Correctional officers hurt me. And attorneys did not speak on my behalf." (#5, p. 4.) He seeks monetary relief for his health problems and for "suffering and pain on wrongful incarceration." (#5, p. 6.)

### B.  Procedural Background

In April 2007, Defendant Public Defender Office[1] filed a Motion To Dismiss (#11), and in May 2007, Defendant DCC filed its Motion To Dismiss (#14). Plaintiff subsequently filed a

---

[1] Defendant states in its Motion To Dismiss (#11) that Plaintiff improperly used "Defendant Public Defender" in his caption and that Defendant's proper name is "Office of the Public Defender of Champaign County, Illinois."

Motion To Continue (#17), stating that he needed time for witnesses and grievance forms from the Illinois Department of Corrections. The Court denied the motion, stating that Plaintiff did not need either witnesses or grievance forms to respond to the motions. Plaintiff also filed a Motion (#20) on discovery. In June 2007, the Court extended Plaintiff's deadline to respond to the motions to dismiss, and denied Plaintiff's discovery motion as moot. Plaintiff has filed additional documents since that time, but nothing that addresses the motions to dismiss.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id*. at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by amendment, a district court may not dismiss the complaint with prejudice, but must permit the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

## III. Analysis

Defendant DCC argues that the Court should dismiss the suit because (1) the Court lacks subject matter jurisdiction; (2) the Eleventh Amendment bars any purported claims against

Defendant DCC; (3) Plaintiff has failed to state a claim; and (4) Plaintiff concedes that he did not complete the grievance process before filing the lawsuit.

### A.  Subject Matter Jurisdiction

Defendant's argument that the Court lacks subject matter jurisdiction appears to be based mainly on the fact that Plaintiff did not check the boxes on the form complaint that indicated he was bringing the suit pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") or 28 U.S.C. § 1331.  That alone would not be enough to show that the Court lacks subject matter jurisdiction.

Alternatively, Defendant argues that, if Plaintiff is attempting to allege a constitutional claim pursuant to Section 1983, he has failed to state a claim.  Furthermore, absent any federal claim, the Court cannot assert jurisdiction over any purported state law claims.

Courts have a duty to satisfy themselves that they have subject matter jurisdiction before proceeding to the merits of any case.  *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001) (stating that a court has a duty to satisfy itself of its own jurisdiction). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  FED. R. CIV. P. 12(h)(3).  Accordingly, the Court will first consider whether Plaintiff has alleged any claims that establish a basis for subject matter jurisdiction.

Here, Plaintiff has alleged that DCC correctional officers "hurt" Plaintiff.  Liberally construing this allegation, the Court concludes that Plaintiff may be attempting to state a claim that DCC correctional officers used excessive force in violation of Plaintiff's constitutional rights.  Constitutional claims raise questions of federal law and subject matter jurisdiction therefore arises under 28 U.S.C. § 1331.  (At this point, the Court will not address Defendant's argument that Plaintiff has failed to state a claim.)  Therefore, the Court concludes that Plaintiff has arguably alleged a basis for federal jurisdiction.

### B.  The Eleventh Amendment

Defendant next argues that, assuming Plaintiff is alleging a constitutional claim pursuant to Section 1983, the Eleventh Amendment bars the claim.  The Court agrees.  Here, Defendant DCC is a state entity.  It is well-settled that a state is not a "person" within the meaning of Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).  As the United States Supreme Court stated in *Will*, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity."  *Id.* at 66.  Accordingly, the Court recommends dismissing Defendant DCC from the suit.  The Court need not consider Defendant's remaining arguments.

### IV.  Summary

For the reasons stated above, the Court recommends **GRANTING** Defendant's Motion To Dismiss **(#14)**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of August, 2007.

                s/ DAVID G. BERNTHAL
                U.S. MAGISTRATE JUDGE