UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ANTHONY PAUL YOUNG,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-2047 |
| **PUBLIC DEFENDER OFFICE and** ) | |
| **DIXON CORRECTIONAL CENTER,** ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In March 2007, Plaintiff, Anthony Young, acting *pro se*, filed a Complaint (#5) against Defendants Public Defender Office and the Dixon Correctional Center. Plaintiff has not alleged a basis for federal jurisdiction.

In April 2007, Defendant Public Defender Office[1] (hereinafter "OPD") filed a Motion To Dismiss (#11). Plaintiff has not filed a response. After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#11)** be **GRANTED**.

## I. Background
### A. Factual Background

In his complaint, Plaintiff alleges as follows: "Correctional officers hurt me. And attorneys did not speak on my behalf." (#5, p. 4.) He seeks monetary relief for his health and for "suffering and pain on wrongful incarceration." (#5, p. 6.)

---

[1] Defendant states in its Motion To Dismiss (#11) that Plaintiff improperly used "Defendant Public Defender" in his caption and that Defendant's proper name is "Office of the Public Defender of Champaign County, Illinois."

### B. Procedural Background

After Defendant OPD filed its motion to dismiss, Defendant Dixon Correctional Center (hereinafter "DCC") also filed a Motion To Dismiss (#14). Plaintiff subsequently filed a Motion To Continue (#17), stating that he needed time for witnesses and grievance forms from the Illinois Department of Corrections. The Court denied the motion, stating that Plaintiff did not need either witnesses or grievance forms to respond to the motions. Plaintiff also filed a Motion (#20) on discovery. In June 2007, the Court extended Plaintiff's deadline to respond to the motions to dismiss, and denied Plaintiff's discovery motion as moot. Plaintiff has filed additional documents since that time, but nothing that addresses the motions to dismiss.

The Court has dismissed the claims against Defendant DCC. (Order, # 31.) Thus, only the claims against Defendant OPD remain in this suit.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id.* at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by amendment, a district court may not dismiss

the complaint with prejudice, but must permit the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendant OPD argues that the Court should dismiss the suit because (1) based on the complaint, the Court lacks subject matter jurisdiction; (2) if Plaintiff is alleging a constitutional claim pursuant to 42 U.S.C. § 1983, he has failed to state a claim; and (3) if Plaintiff is alleging a state law claim, the Court lacks jurisdiction.

Defendant's first argument, that the Court lacks subject matter jurisdiction, appears to be based mainly on the fact that Plaintiff did not check the boxes on the form complaint that indicated he was bringing the suit pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") or 28 U.S.C. § 1331. That alone would not be enough to show that the Court lacks subject matter jurisdiction.

Alternatively, Defendant argues that, if Plaintiff is attempting to allege a constitutional claim pursuant to Section 1983, he has failed to state a claim. Furthermore, absent any federal claim, the Court cannot assert jurisdiction over any purported state law claims.

Courts have a duty to satisfy themselves that they have subject matter jurisdiction before proceeding to the merits of any case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001) (stating that a court has a duty to satisfy itself of its own jurisdiction). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). Accordingly, the Court will first consider whether Plaintiff has alleged any claims that establish a basis for federal subject matter jurisdiction.

Here, Plaintiff alleges only that Defendant OPD's attorneys "did not speak" on Plaintiff's behalf. (#5, p. 4.) Even construing this allegation liberally, the Court cannot determine what federal claim Plaintiff attempting to assert. When a defendant challenges subject matter

3

jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See United Phosphorous, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003). Here, Plaintiff has failed to do so. Accordingly, the Court recommends dismissing this case.

Even assuming that Plaintiff has arguably raised a constitutional issue pursuant to Section 1983 and thus established a basis for federal subject matter jurisdiction, here, Plaintiff has failed to state a claim. There are two elements to a claim brought pursuant to Section 1983: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). As Defendant notes, an appointed public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Although there are some circumstances where a public defendant may be a state actor, such as when making hiring and firing decisions on behalf of the State or performing administrative functions (*id.*), Plaintiff's claim does not allege anything like that. Absent any further information, to the extent Plaintiff appears to be alleging that Defendant OPD's attorneys failed to adequately represent Plaintiff either in a criminal proceeding or in a proceeding related to the conduct of the DCC correctional officers who allegedly hurt Plaintiff, the Court concludes that Plaintiff has failed to state a claim. Accordingly, the Court recommends granting Defendant's motion to dismiss.

If Plaintiff is attempting to state a claim of legal malpractice against Defendant OPD, that is a state law tort, not a federal cause of action. Absent any federal claims to provide a basis for federal jurisdiction, the Court declines to exercise jurisdiction over any purported state law claims.

## IV.  Summary

For the reasons stated above, the Court recommends **GRANTING** Defendant's Motion To Dismiss **(#11)**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 24th day of September, 2007.

                                                                      s/ DAVID G. BERNTHAL  
                                                                      U.S. MAGISTRATE JUDGE